IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: SUBPOENA ISSUED TO<br>NON-PARTY PAUL REIDY<br><br>INTELLECTUAL VENTURES I LLC,<br>AND INTELLECTUAL VENTURES<br>II LLC,<br>    Plaintiffs,<br><br>v.<br><br><br><br><br><br>ALTERA CORPORATION,<br>MICROSEMI CORPORATION, LATTICE<br>SEMICONDUCTOR CORPORATION<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>A-13-MC-465 LY<br>(UNDERLYING PROCEEDING<br>CIVIL NO. 10-CV-1065-LPS<br>UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT OF<br>DELAWARE) |

## ORDER

Before the Court are: Third Party Paul F. Reidy's Motion for Protective Order to Quash or Modify Xilinx Inc.'s Third Party Deposition Subpoena to Paul F. Reidy in Related Case (Dkt. No. 1); Xilinx's Response to the Motion for Protective Order or to Quash or Modify Xilinx Inc.'s Third Party Deposition Subpoena to Paul F. Reidy in Related Case (Dkt. No. 5); and Paul F. Reidy's Reply in Support of Motion for Protective Order to Quash or Modify Xilinx Inc.'s Third Party Subpoena (Dkt. No. 6). The District Court referred the motion to the undersigned for resolution pursuant to 28 U.S.C. §636(b)(1)(A) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

The motion before the Court relates to a patent infringement case filed in federal court in Delaware. Defendant Xilinx noticed the deposition of non-party Paul F. Reidy in the Western District of Texas, with the deposition set to occur on April 29, 2013. The end of the discovery

period permitted by the presiding judge's scheduling order was April 30, 2013.  Reidy did not appear at the deposition.  Counsel for each party conferred about the scope and necessity of the deposition throughout May and could not reach an agreement about deposing Reidy.  Reidy ultimately filed the motion now before the Court.  Although it has responded to the motion, Xilinx has not filed a motion to compel the deposition.

Under Federal Rule of Civil Procedure 45(c)(3), a court may, "on timely motion . . . quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . [or] (iv) subjects a person to undue burden."  In general, courts have read "timely" to mean within the time set in the subpoena for compliance.  *United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F.Supp.2d 270, 278 (D. D.C. 2002) (holding that a motion to quash made 10 months after the return date of the subpoena is untimely); *Allender v. Raytheon Aircraft Co.*, 220 F.R.D. 661, 665 (D. Kan. 2004) (return date for production subpoena had already passed so motion to quash was untimely).[1]  Reidy did not move to quash the deposition until after the date for the deposition had passed and he had failed to appear.  The deposition was noticed nine days prior to the date it was to occur.  This was more than adequate time for Reidy to move to quash the deposition. Neither party has stated that the deposition has been re-noticed and no motion to compel is on file with this Court.  The motion to quash is not timely.

---

[1]*See also Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D. N.Y. 2002) (stating that "it is reasonable to assume that the motion to quash should be brought before the noticed dates of the scheduled deposition."); *Merch. Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D. Va. 1999) (a motion to quash filed 36 days after corporate representatives became aware of subpoena and two months after it was due is untimely); *Central States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 06 CV 1205, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009) (holding that a motion to quash is "timely" under Rule 45(c)(3)(A) when it is filed on or before the date of compliance); *see* 9 MOORE'S FEDERAL PRACTICE–CIVIL § 45.50 (2006) (timeliness means within the specified compliance period, so long as that period is of reasonable duration).

Accordingly, Third Party Paul F. Reidy's Motion for Protective Order to Quash or Modify Xilinx Inc.'s Third Party Deposition Subpoena to Paul F. Reidy in Related Case (Dkt. No. 1) is DENIED.

SIGNED this 8th day of July, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE